PETERSON-JORWIC GROUP, INC., Plaintiff-Appellant, v. FRANK PECORA, Defendant-Appellee.

First District (3rd Division)   No. 1—91—1655

Opinion filed December 31, 1991.

Michael K. Durkin, of Rosemont, for appellant.

Wayne & LeVine, of Chicago (Alan S. Levin, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Peterson-Jorwic Group, Inc. (Peterson-Jorwic), brought an action seeking injunctive relief to enjoin defendant Frank Pecora from violating a noncompetition clause contained within an employment contract executed during the course of Pecora's employment with Peterson-Jorwic. The trial court denied Peterson-Jorwic's motion for a preliminary injunction on the basis that the parties' employment contract lacked consideration and that Peterson-Jorwic did not have a protectable business interest which could be enforced. On appeal, Peterson argues that (1) the noncompetition clause contained in the parties' employment contract should be enforced because the necessary elements and requirements which entitle it to injunctive relief have been satisfied; and (2) the noncompetition agreement is supported by adequate consideration. We affirm.

Peterson-Jorwic has served as the exclusive manufacturing representative in Illinois for Royal Appliance Manufacturing Company (Royal) since 1984. On July 28, 1989, Peterson-Jorwic hired Pecora to serve as a manufacturer's representative and to service several of its accounts, including Royal. On September 12, 1989, the parties executed an employment contract, which included the following noncompetition clause:

> "[E]mployee agrees that for a period of twenty-four (24) months following the termination of Employee's employment with the Employer, he shall not directly or indirectly solicit, contact or approach any customer or client of the Employer for whom he performed services while employed by the Employer or which he solicited on behalf of the Employer or which employed the services of the Employer within twelve (12) months prior to the beginning of the Employee's employment with the Employer."

In October 1990, Royal notified Peterson-Jorwic that it would be terminating their business relationship. Consequently, on October 31, 1990, Peterson-Jorwic fired Pecora. On January 1, 1991, Pecora commenced employment with Royal as a manufacturer's representative in violation of the noncompetition clause contained in the parties' employment contract. On April 9, 1991, Peterson-Jorwic filed this action in the circuit court seeking an injunction to enjoin Pecora from continuing to act as a manufacturing representative on behalf of Royal. The trial court entered an order denying Peterson-Jorwic's motion for a preliminary injunction. This appeal followed.

Peterson-Jorwic contends that the noncompetition clause contained in the parties' employment contract should be enforced because the necessary elements and requirements which entitle it to injunctive relief have been satisfied. We disagree.

It is well established that private covenants restraining trade are disfavored in the law and will be carefully scrutinized to ensure that they are reasonable and not contrary to public policy. (*Russell v. Jim Russell Supply, Inc.* (1990), 200 Ill. App. 3d 855, 864-65, 558 N.E.2d 115, 122-23.) A restrictive covenant will be enforced only if the time and territorial limitations are reasonable and the restrictions imposed by the covenant are necessary to protect a legitimate business interest. (*Label Printers v. Pflug* (1991), 206 Ill. App. 3d 483, 491, 564 N.E.2d 1382, 1387.) A preliminary injunction to enjoin a violation of a restrictive covenant will be granted only where an extreme emergency exists and serious harm would result in the absence of the injunction. (*Tyler Enterprises of Elwood, Inc.*

*v. Shafer* (1991), 214 Ill. App. 3d 145, 148, 573 N.E.2d 863, 865.) Our review of the record requires us to conclude that Peterson-Jorwic has failed to establish that it would incur serious harm if its motion for a preliminary injunction is denied.

■■ Royal terminated its business relationship with Peterson-Jorwic in October 1990. Peterson-Jorwic has not demonstrated that it has resumed a business relationship with Royal, or how it would suffer injury, pecuniary or otherwise, as a consequence of Pecora's continued solicitation or representation of Royal. Accordingly, because Peterson-Jorwic failed to present even a modicum of evidence indicating the type or extent of injury it would incur in the event that its motion for a preliminary injunction is denied, we must conclude that Peterson-Jorwic will not suffer irreparable injury if we fail to grant a preliminary injunction to enforce the noncompetition clause of the parties' employment contract.

Peterson-Jorwic argues that irreparable injury is presumed to follow after it established that a protectable business interest exists. (See *Tyler*, 214 Ill. App. 3d at 150-51, 573 N.E.2d at 866.) Without ruling whether Peterson-Jorwic has established a protectable business interest, Pecora has overcome any presumption of irreparable injury by presenting sufficient evidence that Peterson-Jorwic will not suffer any harm in the event that the motion for a preliminary injunction is denied.

It is therefore unnecessary for us to address whether the noncompetition clause was supported by adequate consideration.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CERDA, P.J., and GREIMAN, J., concur.