CREATIVE ENTERTAINMENT, INC., Plaintiff-Appellant, v. TONY LORENZ *et al.*, Defendants-Appellees.

First District (1st Division) No. 1—93—1042

Opinion filed May 31, 1994.—Rehearing denied August 2, 1994.—Modified opinion filed August 8, 1994.

Neal, Gerber & Eisenberg, of Chicago (Michael D. Sher and David A. Eide, of counsel), for appellant.

Laser, Schostok, Kolman & Frank, of Chicago (Bruce M. Friedman, of counsel), for appellees.

JUSTICE MANNING delivered the opinion of the court:

This is an appeal by plaintiff Creative Entertainment, Inc., from a judgment of the trial court dismissing count I of plaintiff's complaint. On appeal, plaintiff argues that the trial court erred in dismissing count I of its complaint.

Plaintiff Creative Entertainment is an Illinois corporation engaged in the business of providing special event and entertainment production services to corporations, businesses and associations. According to the pleadings, the services provided by plaintiff to its clients include planning and arranging of meetings, conventions, trade shows, product introductions, real estate openings, employee functions, seasonal events and corporate anniversary celebrations. Additionally, the services provided by plaintiff included production and on-site supervision of all such events.

About October 1988, plaintiff, through its president, entered into an oral agreement with defendant Tony Lorenz, whereby Lorenz was employed as an account executive with plaintiff. In that capacity he was responsible for soliciting and generating new business, preparing proposals for new and existing customers, and implementing proposals and contracts. As part of his employment, Lorenz received health benefits, a salary and commissions from plaintiff.

About eight months after he began working with plaintiff, Lorenz

was required to sign a restrictive covenant, the pertinent terms related to this appeal being:

"This letter will confirm our understanding and agreement that as part of the terms of your employment by CEG Creative Entertainment, Inc. ('CEG') and in consideration for your continued employment at CEG and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged: ***

(a) You agree that CEG has a legitimate and valuable proprietary interest in the protection of the Confidential Information defined in paragraph 3, and that CEG has invested substantial amounts, in rent, equipment, staff support, and other overhead expenses to obtain and serve CEG's customers.

(b) You agree that, during your employment, you will contact or solicit customers or potential customers only for CEG and for a two-year period following termination of your employment for any reason, you will not contact or solicit any person or entity that was a customer of CEG during the two-year period prior to the date of termination of your employment at CEG or develop, sell, or administer any entertainment programming for these customers."

About October 17, 1992, Lorenz voluntarily resigned from employment with plaintiff, having been employed for over three years. Later that month, Lorenz started his own company, ProActive, Inc. The nature of ProActive's business included providing special event and entertainment production services to corporations and businesses. Lorenz contacted several of plaintiff's former clients, successfully acquiring a contract with at least one client to provide services in connection with an entertainment event.

Following these actions by Lorenz through ProActive, plaintiff filed a two count complaint naming as defendants Lorenz and ProActive. Count I of the amended complaint sought injunctive relief, alleging that defendants violated the agreement's prohibition against contacting or soliciting, for a period of two years following the termination of his employment, any customer of plaintiff. Plaintiff alleged that, as a result of defendants' continued breach of the employment agreement, it would be irreparably harmed and there was no adequate remedy at law.

On February 17, 1993, defendants filed a motion to dismiss plaintiff's complaint. In the motion defendants asserted:

"1. Plaintiff did not allege the existence of an employment contract, or that the restrictive covenant was ancillary to any employment agreement;

2. That the restrictive covenant contained no terms of employ-

ment nor did it confer contractual obligations upon plaintiff or rights running to Lorenz;

3. That the restrictive covenant was issued without consideration and signed after Lorenz began employment;

4. That a covenant not to compete in an employment situation must arise as part of or ancillary to an employment contract or agreement;

5. That the complaint failed to allege any contract establishing contractual rights enforceable by Lorenz or contractual obligations binding upon plaintiff;

6. That there was no consideration supporting the restrictive covenant because Lorenz had already commenced his employment and no new or additional benefits were granted to him."

Plaintiff filed a response and memorandum in opposition to defendants' motion to dismiss. A hearing was held on that motion on March 9, 1993. At the completion of the hearing on March 15, 1993, the court entered an order dismissing plaintiff's complaint with prejudice.

Plaintiff argues that the trial court erred in dismissing count I of its amended complaint. Specifically, plaintiff maintains that count I of the complaint alleged facts which demonstrated the elements necessary to have an enforceable restrictive covenant. Plaintiff contends that Lorenz's continued employment with plaintiff provided the consideration necessary to support a restrictive covenant. Plaintiff also asserts that the covenant was reasonable where it placed a two-year restriction on Lorenz's activities of soliciting and doing business with plaintiff's clients. Plaintiff further contends that the covenant was ancillary to Lorenz's existing and continuing employment, as evidenced by the first paragraph in the agreement, which stated that the agreement is "part of the terms of employment."

Defendants contend that the trial court properly dismissed count I of plaintiff's amended complaint. Specifically, defendants maintain that plaintiff failed to fulfill the first requirement necessary for enforcement of the covenant—that the covenant be ancillary to a valid employment contract. Defendants assert that this court need not consider the issues of whether the covenant was supported by consideration or whether it was reasonable, where the covenant was not ancillary to a valid employment agreement with plaintiff.

●1 It is well established that private covenants restraining trade are disfavored in the law and will be carefully scrutinized to ensure that they are reasonable and not contrary to public policy. (*Peterson-Jorwic Group, Inc. v. Pecora* (1991), 224 Ill. App. 3d 460, 462, 586 N.E.2d 676.) A post-employment restrictive covenant will be enforced

if the terms are reasonable. (*Mid-Town Petroleum, Inc. v. Gowen* (1993), 243 Ill. App. 3d 63, 69, 611 N.E.2d 1221.) However, before the court addresses whether a covenant is reasonable, two determinations must be made. The court must first find that the covenant is ancillary to a valid employment contract—it must be subordinate to the contract's main purpose. (*Millard Maintenance Service Co. v. Bernero* (1990), 207 Ill. App. 3d 736, 566 N.E.2d 379.) Second, there must be adequate consideration to support the covenant not to compete. (*Mid-Town Petroleum, Inc. v. Gowen* (1993), 243 Ill. App. 3d 63, 611 N.E.2d 1221.) Based upon the court's determination that these two criteria have been met, the court makes a determination, as a matter of law, of whether a restrictive covenant is enforceable. *Corroon & Black of Illinois, Inc. v. Magner* (1986), 145 Ill. App. 3d 151, 162, 494 N.E.2d 785.

In *Lyle R. Jager Agency, Inc. v. Steward* (1993), 253 Ill. App. 3d 631, 635, 625 N.E.2d 397, the appellate court upheld the enforcement of a restrictive covenant which was part of a valid employment contract and supported by consideration. In that case, defendant signed a written employment agreement with plaintiff insurance agency which in pertinent part provided:

"(1) *Employment*

The Employer employs the Employee and the Employee accepts employment upon certain terms and conditions agreed upon orally between the parties and upon the terms and conditions in this Agreement.

(2) *Term*

The term of this Agreement shall begin on the day and year first written above and shall terminate two years after the employment of the Employee." (253 Ill. App. 3d at 635.)

The agreement also contained a restrictive covenant:

"Employee agrees that he will not at anytime, while he is in the employ of the Employer or within two years after leaving said employment, for himself or any other person, or persons or company, call upon, solicit, negotiate, arrange, provide, or sell insurance to any person or persons who shall have been clients or customers of the Employer ***." (253 Ill. App. 3d at 634.)

Defendant left plaintiff's employment, took confidential files with him, and began soliciting plaintiff's clients in violation of the agreement.

The appellate court found that the trial court had properly determined that an enforceable employment contract existed. The court reasoned that defendant signed the agreement in January 1991 and remained employed with plaintiff until March 1993. The court found that defendant's continued employment was sufficient

consideration to support the employment contract. The fact relied upon by the court was the written agreement between the parties, which spelled out the terms of the employment relationship, including the length of employment and commission amounts. Additionally, the court also considered other oral representations made by defendant to plaintiff prior to the written agreement in determining that a valid employment contract existed. More significantly, the post-employment covenant itself was contained in the employment agreement which was signed before defendant began employment with plaintiff. Based upon the existence of a valid employment contract, the court held that the employment agreement, which included the restrictive covenant, was enforceable. *Lyle*, 253 Ill. App. 3d at 635.

Similarly, in *Wyatt v. Dishong* (1984), 127 Ill. App. 3d 716, 469 N.E.2d 608, the appellate court upheld the enforcement of a restrictive covenant that was contained in a written employment/fee-sharing contract. In that case, the parties signed a written agreement providing the defendant would pay $200 plus 50% of weekly receipts to plaintiff. The agreement was terminable by either party upon notice to the other within 30 days from the effective date.

The instant case is distinguishable from *Lyle* on two important points. First, the parties in *Lyle* negotiated and signed a written agreement before defendant began working with plaintiff. Second, the agreement spelled out a definite employment term of two years. Thus, there were factors evidencing a valid employment contract. Likewise, in *Wyatt*, the employment agreement was set forth in writing, placing express obligations on the parties.

In the instant case, plaintiff alleged in its complaint that Lorenz was hired in October 1988. In May of 1989, about eight months after he began employment with plaintiff, Lorenz was required to sign a restrictive covenant with plaintiff. There were no negotiations of the terms of employment, nor were the employment terms in writing. The agreement itself did not specify a definite length of time for which Lorenz would be employed by plaintiff. In fact, plaintiff conceded that Lorenz's employment was at will and subject to change at any time in plaintiff's sole and exclusive discretion. Hence, there were no facts from which the trial court could conclude that a valid employment contract existed. The trial court characterized the agreement as a "naked agreement," with which we agree. It was not a promise by plaintiff of a definite term of employment in exchange for a promise by Lorenz. There were no provisions for termination of the employment relationship by either party, no additional incentives or forbearances. Clearly, the covenant was not ancillary to an

employment contract. The sole purpose of the agreement was to restrain trade.

Plaintiff maintains that the restrictive covenant in the instant case is enforceable because the amended complaint alleges that plaintiff entered into an oral agreement of employment with Lorenz prior to the execution of the restrictive covenant. Plaintiff asserts that, pursuant to the oral agreement, Lorenz was responsible for soliciting and generating new business, preparing and working up proposals for new and existing customers and implementation of proposals and contracts. Plaintiff contends that, pursuant to the oral agreement, Lorenz was paid a salary and commission and received health benefits. Thus, plaintiff argues that an oral employment agreement existed between plaintiff and Lorenz prior to the signing of the restrictive covenant, sufficient for purposes of enforcing the restrictive covenant. Further, plaintiff asserts that the fact Lorenz did not have a right to continuing employment is not material. Plaintiff maintains that the fact Lorenz continued employment for $3^1/_2$ years after the agreement was signed proves he was entitled to continued employment.

While plaintiff correctly points out that continued employment is adequate consideration as a factor in determining the enforceability of restrictive covenants, the threshold inquiry is whether the covenant itself is ancillary to an employment contract or collateral to a sale of property. *Mid-Town Petroleum, Inc. v. Gowen* (1993), 243 Ill. App. 3d 63, 69, 611 N.E.2d 1221.

In *Mid-Town,* defendant signed a restrictive covenant in which he agreed, among other things, to refrain from soliciting business from customers at Mid-Town for a period of 18 months following termination of his employment. Defendant originally refused to sign the agreement in July 1991, but after being offered a sales manager position and agreeing to a job description of his duties, defendant signed the agreement. Defendant had previously worked as a sales representative for plaintiff until his promotion to manager. Plaintiff was in the business of selling and distributing petroleum products. Prior to 1991, plaintiff did not have a policy requiring that its employees enter into a restrictive covenant. On April 6, 1992, defendant resigned from Mid-Town and started work with Paul Oil Company, a company which was also in the business of petroleum products. Defendant admitted that after he started work with Paul Oil Company, he began to solicit plaintiff's customers for business. The court held, however, that the oral agreement to promote defendant was based on consideration that he sign the employment contract. The appellate court held that the trial court properly found that the evidence failed

to establish sufficient consideration to support the covenant in the employment agreement.

The facts in *Mid-Town* are similar to the facts in the instant case. In the instant case, Lorenz was required to sign a restrictive covenant after having been employed with plaintiff eight months. The terms of employment were not in writing, and his continued employment with plaintiff was contingent upon his signing the agreement. Lorenz voluntarily left employment with plaintiff. Within two years after he left plaintiff, defendant started his own company, providing substantially the same services as did plaintiff corporation. He also acquired a contract with a previous client of plaintiff.

We find *Mid-Town* stands for the proposition that where a defendant's employment is contingent upon signing a restrictive covenant, without more, such evidence fails to establish the existence of an employment agreement. We therefore must agree with the trial court's determination in the instant case that plaintiff's restrictive covenant was a naked promise. It was not included as part of an employment agreement which set forth terms and conditions of employment, including length of employment, compensation, and other factors evidencing an employment contract. We find unpersuasive plaintiff's assertion that the beginning paragraph of the restrictive covenant proves that the agreement was ancillary to an employment agreement where its express language states that it was "part of the terms of Lorenz's employment and in consideration for his continued employment CEG." This is particularly true where the covenant itself was created after the beginning of an at-will employment relationship, and Lorenz received no additional consideration.

In *Perman v. ArcVentures, Inc.* (1990), 196 Ill. App. 3d 758, 554 N.E.2d 982, the court held that where an employee was required to sign a confidentiality and nondisclosure agreement after commencing employment, and the agreement did not establish any other terms or conditions of employment, the agreement did not establish a right to continued employment. Thus the covenant, being a part of the agreement, was likewise unenforceable. In that case, plaintiff was employed by defendant in March 1982. In March 1984, he signed a confidentiality and nondisclosure agreement, agreeing that after the term of this employment, and during the time of his employment, he could not disclose the list of plaintiff's customers or any part of the list to others. Defendant was eventually terminated by plaintiff and argued that the restrictive covenant created enforceable rights of continued employment. The appellate court disagreed. The court reasoned that the signing of a nondisclosure and confidentiality

agreement after commencement of employment was insufficient to establish any rights of continued employment. We find *Perman* persuasive for the proposition that the mere signing of a restrictive agreement does not create rights of continued employment. Hence, plaintiff's argument here is without merit.

●2 The determination of whether a restrictive covenant is enforceable is a question of law. (*Smith v. Chemical Personnel Search, Inc.* (1991), 215 Ill. App. 3d 1078, 1084, 576 N.E.2d 340.) A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiff to recover. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 360-61, 466 N.E.2d 224.) In making this determination, all well-pleaded facts are taken as true and all reasonable inferences therefrom should be construed in plaintiff's favor. (*Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 542, 582 N.E.2d 108.) The decision to grant a motion to dismiss will be sustained only if no set of facts as pleaded by plaintiff could conceivably state a cause of action.

●3 In the instant case, the court, after hearing argument during the hearing on the motion to dismiss the complaint, determined that plaintiff had not met the threshold requirement that the restrictive covenant be ancillary to the employment contract and dismissed count I of the complaint. The court found that the covenant represented only a "naked promise," coming after Lorenz had commenced employment with plaintiff and in the midst of an at-will employment relationship. The court stated that the promise made by Lorenz was not made in exchange for a promise by plaintiff and that it was not ancillary to an employment contract. The court reasoned that an at-will relationship is not the same as an employment contract, which case law requires in order to enforce a restrictive covenant. The court found that Lorenz received no new rights by signing the restrictive covenant, although the agreement placed upon him obligations and restrictions. Based on these facts, it clearly appears that no set of facts could be proved that would entitle plaintiff to recover. Recovery under a restrictive covenant requires the existence of a valid employment contract; there was none here. We cannot say that the trial court erred in dismissing count I of plaintiff's amended complaint.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and O'CONNOR, J., concur.