**R.W. ELECTRONICS, INC., Plaintiff,**

v.

**MARTIN WOLF ASSOCIATES, INC., Defendant.**

**No. CIV. A. 00–10811–JLT.**

United States District Court, D. Massachusetts.

Feb. 2, 2001.

Anthony A. Bongiorno, McDermott, Will & Emory, Boston, MA, for R.W. Electronics, Inc., Plaintiffs.

John J. Goldrosen, Choate, Hall & Stewart, Thomas F. Maffei, Griesinger, Walsh & Maffei, LLP, Boston, MA, for Martin Wolf Associates Incorporated, Defendants.

## MEMORANDUM

TAURO, District Judge.

### Background

Plaintiff R.W. Electronics, Inc. ("RWE") entered into a Financial Consulting Services Agreement ("Agreement") in October 1998 with Defendant Martin Wolf Associates, Inc. ("Wolf"). Under the Agreement, Wolf agreed to assist in the sale of RWE or its assets. Wolf was to receive a "fixed fee" for its services, and a "success fee" where its efforts resulted in a sale. The Agreement also provided that any disputes between the parties "in any way relating to th[e] Agreement" be submitted to arbitration in Contra Costa County, California. Agreement at ¶ 11.

On June 28, 1999, RWE terminated the Agreement. In accordance with the termination provisions, Wolf provided RWE with a list of all prospective buyers it contacted to purchase RWE. Not on the list was NECX.com, RWE's chief competitor whom RWE specifically prohibited

Wolf from contacting about the proposed sale.

Six months after the Agreement's termination, NECX.com purchased RWE. Wolf demanded a success fee on the sale, which RWE refused to pay. On April 3, 2000, pursuant to the arbitration provision, Wolf filed a Demand for Arbitration with the San Francisco office of the American Arbitration Association, claiming that Wolf's refusal to pay the success fee constituted a breach of the Agreement. Seven days later, RWE filed suit in the Massachusetts Superior Court for Essex County, seeking a declaratory judgment that: (1) the Agreement does not apply to the dispute between the parties; (2) Wolf has no right to demand arbitration under the Agreement; and (3) Wolf is not entitled to a success fee on the RWE sale.

Wolf removed the case to federal court based on diversity jurisdiction, and now moves to dismiss or alternately to transfer the case to the Northern District of California.

### Discussion

Wolf's Motion to Dismiss or Transfer is based on the Agreement's arbitration clause.[1] Wolf contends the case must be dismissed because the Agreement dictates that disputes be arbitrated, not litigated. Alternately, Wolf argues that if arbitrability of the dispute is in question, the court should transfer the case to the Northern District of California where a decision on the issue can be enforced.

RWE counters that the Agreement terminated in June 1999, before the sale to NECX.com. Moreover, it notes that at the time of termination, Wolf did not list NECX.com as a potential buyer. RWE

argues then that the Agreement is inapplicable, and that arbitration is irrelevant. If arbitrability is at issue, RWE contends that this court should decide the matter before dismissing or transferring the action.

Whether the parties agreed to arbitrate a particular dispute is a question to be addressed by this court, unless the parties explicitly agreed otherwise. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995). A federal court, nonetheless, may order arbitration only in the district where it sits. *See Dempsey v. George S. May Int'l Co.,* 933 F.Supp. 72, 74 (D.Mass.1996).

The Agreement provides that all disputes related to the Agreement must be arbitrated in California. RWE asks this court to declare that Wolf is not entitled to a fee on the sale to NECX.com. But to make such a declaration requires analysis of the Agreement, and such analysis seems to fall squarely within the arbitration clause.

But if this court determines that the parties' dispute is arbitrable, it lacks authority to enforce the ruling because the Agreement requires arbitration outside the district. *See id.* (noting that where arbitration clause required arbitration in Illinois, the court is "without power to order arbitration of the parties' dispute"). Because this court lacks authority to enforce a decision on the arbitrability of the dispute, the case must be transferred to the Northern District of California.

IT IS SO ORDERED.

---

1. Paragraph 11 of the Agreement reads:
    In the event a dispute arises between the parties relating in any way to this Agreement, the parties agree that the dispute shall be submitted to a single arbitrator, to be selected by mutual consent of the parties or to the American Arbitration Association in Contra Costa County, California, with instructions to arbitrate the dispute promptly and make an award, including attorney's fees and costs to the prevailing party. The arbitration will be held in Contra Costa County, California and under the then existing Commercial Arbitration Rules of the American Arbitration Association.