SIXTH DIVISION

March 31, 1998

No. 1-97-1737

WOODFIELD GROUP, INC., ) Appeal from the

an Illinois Corporation, ) Circuit Court of

) Cook County.

Plaintiff-Appellant, )

)

v. ) 95 CH 10936

)

DONNA DeLISLE, ) The Honorable

) Michael B. Getty,

Defendant-Appellee, ) Judge Presiding.

)

)

(THE FUTURE NOW, INC., )

an Ohio Corporation, )

)

Defendant.) )

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, Woodfield Group, Inc., filed suit against defendant Donna DeLisle, a former employee of Woodfield, seeking money damages and injunctive relief resulting from an alleged breach of a restrictive covenant agreement relating to her employment with the company.  The circuit court granted DeLisle's motion to dismiss the claim, finding the restrictive covenant unenforceable because it failed to meet the requirement of ancillarity.  Woodfield appealed.

For the reasons that follow, we reverse and remand.

The facts, according to the complaint, are as follows.

DeLisle began working as a sales representative for Woodfield, a computer hardware and software company, in September 1988.  In September 1993, Woodfield promoted DeLisle to the position of sales manager, making her responsible for the day-to-day supervision and management of Woodfield's sales representatives and sales support staff.  In this position, DeLisle was entrusted with confidential information.

In February 1994, DeLisle executed a restrictive covenant agreement with Woodfield.  Under this agreement DeLisle was prohibited from soliciting or accepting sales of any computer hardware or software from any customer or active prospect of Woodfield's for a period of 18 months following any termination of her employment.  For the same time period, the agreement prohibited DeLisle from soliciting, inducing or influencing any person who had a business relationship with Woodfield to discontinue or reduce the extent of such relationship.  The agreement also prohibited DeLisle from disclosing any of the company's confidential information for the same time period.

The agreement recited several reasons for its creation, including Woodfield's expenses in developing expertise in the business, its client and customer base, and its goodwill.  The agreement also stated that Woodfield's methods of doing business and its client base were confidential and Woodfield wished to maintain that confidentiality.  The parties acknowledged and agreed that any breach by an employee of the restrictive covenant would be severely detrimental to the business of Woodfield, and that, without agreeing to the terms of the covenant, Woodfield would not employ the employee.  The agreement stated that it supplemented and was in addition to all other employment agreements and clarified:

"This Agreement shall not be construed in any way as an employment agreement, or a guarantee of employment, of Employee by the Woodfield Group.  Employee is, and shall remain, an 'employee at will' of the Woodfield Group."

On July 18, 1995, DeLisle terminated her employment with Woodfield.  She then went to work for The Future Now, a company engaged in the same business and market area as Woodfield.

Woodfield filed suit alleging that DeLisle breached the restrictive covenant agreement after taking new employment with The Future Now by soliciting and accepting from Woodfield's customers sales of computer software or hardware, and by utilizing and disclosing Woodfield's confidential information in order to sell computer software and hardware for her new employer.  As a result, Woodfield alleged that certain customers began purchasing goods and services from The Future Now which they had previously purchased from Woodfield.  Woodfield sought money damages and injunctive relief.

DeLisle moved to dismiss the count against her, contending that the restrictive covenant agreement is not enforceable.  The circuit court agreed, stating:

"The restrictive covenant agreement in the present case is not an employment contract.  This is manifestly evident by the agreement itself which provides employee-at-will.  This agreement shall not be construed in any way as an employment agreement or a guarantee of employment of the employee by Woodfield Group.  The employee is and shall remain an 'employee-at-will of the Woodfield Group['] -- per the restrictive covenant agreement section 0.8.

Because the Woodfield Group specifically provided that the agreement could not be considered an employment contract, there is no employment contract to which the restrictive covenant could be ancillary.  As such, similar to the covenant in 
Creative Entertainment
,[Inc. v. Lorenz
, 265 Ill. App. 3d 343 (1994)], the restrictive covenant agreement DeLisle signed is a naked agreement, the sole purpose of which was to restrain trade.  The restrictive covenant agreement is therefore not enforceable.

The circuit court granted the motion to dismiss the claim against DeLisle.  Woodfield moved for a finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) and the court entered that finding.  Woodfield now appeals the dismissal of the claim against DeLisle, arguing that the circuit court erred in finding the restrictive covenant agreement unenforceable for lack of ancillarity.  We agree and reverse the lower court's ruling.

A section 2--615 (735 ILCS 5/2--615 (West 1996)) motion for dismissal should not be granted unless it clearly appears that no set of facts could be proved that would entitle the plaintiff to recovery.  
Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.
, 169 Ill. 2d 110, 115 (1995).  In ruling on such a motion, only those facts apparent from the face of the pleadings, matters of which the court can take judicial notice, and judicial admissions may be considered.  
Mt. Zion
, 169 Ill. 2d at 115.  The appellate court reviews such orders 
de novo
 (
Estate of Strocchia v. City of Chicago
, 284 Ill. App. 3d 891, 898 (1996)), and all well-pleaded facts and reasonable inferences are taken as true.  
Mt. Zion
, 169 Ill. 2d at 115.

The determination of whether a restrictive covenant is enforceable is a question of law.  
Corroon & Black of Illinois, Inc. v. Magner
, 145 Ill. App. 3d 151, 162 (1986).  
A post employment restrictive covenant is unenforceable when "its sole purpose is to restrict competition."  
Millard Maintenance Service Co. v. Bernero
, 207 Ill. App. 3d 736, 744 (1990).  "[O]rdinarily an employer has no proprietary interest in its customers."  
Preferred Meal Systems, Inc. v. Guse
, 199 Ill. App. 3d 710, 718 (1990).  An individual has a fundamental right to pursue a particular occupation and "[o]ne who has worked in a particular field cannot be compelled to erase from his mind all of the general skills, knowledge and expertise acquired through his experience."  
ILG Industries, Inc. v. Scott
, 49 Ill. 2d 88, 93-94 (1971).

 A post employment restrictive covenant will be enforced if its terms are reasonable.  
Millard
, 207 Ill. App. 3d at 744.  It must be reasonable in geographical and temporal scope and necessary to protect a legitimate business interest of the employer.  
Millard
, 207 Ill. App. 3d at 744.  Prior to analyzing the reasonableness of a covenant not to compete, the court must make two determinations:  (1) the covenant must be ancillary to a valid contract, that is, it must be subordinate to the contract's main purpose; and (2) there must be adequate consideration to support the covenant.  
Millard
, 207 Ill. App. 3d at 744.

The circuit court in this case found that the restrictive covenant agreement signed by the parties could not be ancillary to a valid contract because there was no employment contract.  DeLisle was an employee at will.  Further, the language of the restrictive covenant agreement specifically stated that it was not an employment contract.  The court determined, based on 
Creative Entertainment
, 265 Ill. App. 3d 343, that the agreement was unenforceable and dismissed the claim.

Woodfield contends the circuit court erred in finding there was a lack of ancillarity between the covenant and DeLisle's employment.  It argues that the court erred in relying on the holding and rationale set forth in 
Creative Entertainment
 because the rule announced in that case was based upon "a fundamental misapprehension of the nature and purpose of the doctrine of ancillarity."  Woodfield urges this court to adopt the reasoning of the fourth district in 
Abel v. Fox
, 274 Ill. App. 3d 811 (1995), and the second district in 
Lawrence & Allen, Inc. v. Cambridge Human Resource Group, Inc.
, 292 Ill. App. 3d 131 (1997), which expressly reject the rationale of  
Creative Entertainment
.

DeLisle contends that 
Creative Entertainment
 does not necessarily hold that restrictive covenants are 
per se
 unenforceable in oral at-will employment cases.  She argues, however, that regardless of how the court interprets 
Creative Entertainment
, the restrictive covenant agreement in this case disavows any nexus to the terms of DeLisle's employment, and therefore the covenant cannot be subordinate to the main purpose of the employment relationship.  Thus, according to DeLisle the covenant must be held invalid.  

In 
Creative Entertainment
, 265 Ill. App. 3d at 344, an employee signed a restrictive covenant with his employer eight months after he had begun working for the employer.  The covenant prohibited the employee from contacting or soliciting customers or potential customers of the employer for a two-year period after termination.  
Creative Entertainment
, 265 Ill. App. 3d at 345.  Over three years later, the employee voluntarily resigned.  Later that month, the employee started his own company, providing the same services that the employer had provided.  The employer sued for breach of the restrictive covenant and the trial court dismissed the complaint.  
Creative Entertainment
, 265 Ill. App. 3d at 346.

The First District Appellate Court upheld the trial court's decision, holding that the restrictive covenant was unenforceable because there was no contract for which the covenant could be ancillary.  
Creative Entertainment
, 265 Ill. App. 3d at 351.  The court noted that at the time the employee signed the agreement

"[t]here were no negotiations of the terms of employment, nor were the employment terms in writing.  The agreement itself did not specify a definite length of time for which [employee] would be employed by [employer].  In fact, [employer] conceded that [employee's] employment was at will and subject to change at any time in [employer's] sole and exclusive discretion.  Hence, there were no facts from which the trial court could conclude that a valid employment contract existed.  The trial court characterized the agreement as a 'naked agreement,' with which we agree.  It was not a promise by [employer] of a definite term of employment in exchange for a promise by [employee].  There were no provisions for termination of the employment relationship by either party, no additional incentives or forbearances.  Clearly, the covenant was not ancillary to an employment contract.  The sole purpose of the agreement was to restrain trade."   
Creative Entertainment
, 265 Ill. App. 3d at 348-49.

However, several subsequent cases have disagreed with 
Creative Entertainment
.

In 
Abel
, 274 Ill. App. 3d 811, the fourth district reversed a dismissal of a claim for breach of a covenant not to compete.  Fox was employed under an oral at-will employment agreement with a cleaning service company.  
Abel
, 274 Ill. App. 3d at 812-13.  Sometime after her employment in 1990, Fox signed a covenant stating that she would not compete with her employer for three years after termination of employment and she would not make use of customer lists acquired during her employment with the company.  In 1993, Fox terminated her employment with the company and began to solicit its customers on behalf of her newly formed cleaning service.  
Abel
, 274 Ill. App. 3d at 813.  Her former employer filed suit and, following 
Creative Entertainment
, the trial court dismissed the complaint.

On review, the fourth district reversed, stating:

"We read 
Creative Entertainment
 *** to stand for the proposition [that] a covenant not to compete signed by an at-will employee employed under an oral agreement cannot be ancillary to an employment agreement, because an at-will employee employed under an oral agreement does not have an otherwise 'valid employment contract.'"  
Abel
, 274 Ill. App. 3d at 816.

The fourth district 
criticized 
Creative Entertainment
 for "imprecisely stating the law."  
Abel
, 274 Ill. App. 3d at 820.  The fourth district examined the history of ancillarity and concluded that "[t]o be enforceable, a covenant not to compete must be ancillary to 
either
 a transaction (an otherwise valid contract), 
or
 a valid relationship."  (Emphasis in original.) 
Abel
, 274 Ill. App. 3d at 820.  The court reasoned:

"Although an at-will employment agreement, whether written or oral, might not be considered 'enforceable' in the strictest sense of the term, it is nonetheless an agreement and relationship with numerous legal consequences, imposing rights and obligations on both parties.  Therefore, a noncompetition covenant entered into by an at-will employee, whether the employee is employed under a written or oral agreement, complies with the requirement of ancillarity.  This is because a covenant in such a situation is not a 'naked' restraint on trade, but instead is merely ancillary to the primary purpose of the relationship:  an employer-employee relationship.  Thus, noncompetition covenants occurring in an at-will employment relationship are 
not
 unenforceable 
per se
. Instead, the judicial determination whether they are enforceable is based on the same rules which apply to any other post-employment noncompetition covenant made during an employment relationship."  
Abel
, 274 Ill. App. 3d at 820.

The fourth district found Fox's covenant ancillary to the employment relationship and ruled it could be an enforceable covenant if it passed the other requirements for enforceability.  
Abel
, 274 Ill. App. 3d at 821.

In 
Lawrence
, 292 Ill. App. 3d at 137, the second district also rejected the ruling of 
Creative Entertainment
 and followed the "well-reasoned decision" in 
Abel
, recognizing that a covenant not to compete "must be ancillary to 
either
 a transaction (an otherwise valid contract) 
or
 a valid relationship."  (Emphasis in original.)  The 
court determined that the restrictive covenant in that case was ancillary to the employee's employment relationship with the former employer despite the fact that it had been an at-will employment situation.  The court ultimately found, however, that the covenant was not enforceable because its restrictions were unreasonable and the employer lacked a legitimate business interest.  
Lawrence
, 292 Ill. App. 3d at 144.

Upon review of these cases and the underlying rationale, we agree with the second and fourth districts of this court and decline to follow 
Creative Entertainment
.  A restrictive covenant agreement may meet the requirements for ancillarity if it is ancillary to an employment relationship even though the employment may lack a written agreement and remain at will.

DeLisle nevertheless suggests that the language of the restrictive covenant agreement in this case makes the situation distinguishable from the prior cases, including 
Creative Entertainment
, because the agreement expressly states it is not an employment agreement.  We find it significant, however, that the preamble to the covenant agreement directs that employment would not continue unless the employee signed the agreement.  We do not find the language of the agreement a sufficient distinction here.

We also observe that section 187 of the Restatement (Second) of Contracts, examined in 
Abel
, 274 Ill. App. 3d at 816-17, discusses the doctrine of ancillarity with regard to restrictive covenants, stating:

"A promise to refrain from competition that imposes a restraint that is not ancillary to an otherwise valid transaction 
or relationship
 is unreasonably in restraint of trade."  (Emphasis added.)  Restatement (Second) of Contracts §187, at 38 (1981).

Section 188 further states:

"(2)  Promises imposing restraints that are ancillary to a valid transaction 
or relationship
 include the following:

***

(b) a promise by an employee or other agent not to compete with his employer or other principal."  (Emphasis added.)  Restatement (Second) of Contracts §188(2)(b), at 41 (1981) .

Comment 
g
 to section 188 states in pertinent part:

"A restraint may be ancillary to a relationship although, as in the case of an employment at will, no contract of employment is involved."  Restatement (Second) of Contracts §188, Comment 
g
, at 45 (1981).

Under the Restatement, the restrictive covenant agreement signed by DeLisle would be ancillary to the employment relationship of the parties regardless of the fact that her employment was at will.  We agree with the other districts that Illinois courts should follow this analysis and conclude that an employment relationship should be included in the rule for reviewing ancillarity in restrictive covenant cases.

We therefore hold that the restrictive covenant agreement in this case meets the requirement of ancillarity.  As pled, we find the covenant subordinate to the purpose of the parties' employment relationship.  We do not express an opinion as to the additional issues of enforceability (
i.e.
, consideration and reasonableness), but remand to the circuit court for proceedings consistent with this opinion.

We note, however, that Illinois law provides that substantial continued employment may constitute sufficient consideration to support a restrictive covenant agreement.  
See, 
e.g.
, 
Lawrence
, 292 Ill. App. 3d at 138 (little over two years of continued employment after signing restrictive covenant constituted sufficient consideration to support agreement);
 Agrimerica, Inc. v. Mathes
, 199 Ill. App. 3d 435, 442 (1990) (more than two years of continued employment after signing restrictive covenant constituted sufficient consideration to support agreement);
 but see 
Mid-Town Petroleum, Inc. v. Gowen
, 243 Ill. App. 3d 63, 71 (1993) (affirming determination that seven months of continued employment did not constitute sufficient consideration).  We do not believe case law limits the courts' review to a numerical formula for determining what constitutes substantial continued employment.  Factors other than the time period of the continued employment, such as whether the employee or the employer terminated employment, may need to be considered to properly review the issue of consideration.

Reversed and remanded.

CAMPBELL, P.J., and QUINN, J., concur.