# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Diederich Insurance Agency, LLC v. Smith*, 2011 IL App (5th) 100048

---

| | |
|---|---|
| Appellate Court Caption | DIEDERICH INSURANCE AGENCY, LLC, Plaintiff-Appellant, v. CHAD SMITH, Defendant-Appellee. |
| District & No. | Fifth District<br>Docket No. 5–10–0048 |
| Filed | Filed June, 7, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action seeking money damages for defendant's breach of a restrictive covenant prohibiting defendant from soliciting insurance business from plaintiff's customers for two years after he stopped working for plaintiff, the trial court properly dismissed the claim based on its finding, as a matter of law, that there was insufficient consideration given for defendant's agreement, notwithstanding plaintiff's contentions that the job defendant obtained and continued for three months after signing the agreement was sufficient consideration and that the subsequent reduction of the time period from two years to one year was an actual benefit to defendant, since defendant's continued employment after signing the agreement was an illusory benefit in view of the fact that he was an at-will employee who was already obligated not to compete against plaintiff's business and he could be fired immediately, and his continued employment after reducing the time period from two years to one year did not provide adequate consideration, especially when there generally must be at least two years or more of continued employment to constitute adequate consideration for such an agreement. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Jackson County, No. 09–L–57; the Hon. W. Charles Grace, Judge, presiding |
| | Thomas F. Crosby, of Winters, Brewster, Crosby & Schafer, LLC, of Marion, for appellee. |
| Judgment | Affirmed. |
| Counsel on Appeal | Edward Renshaw, of Feirich/Mager/Green/Ryan, of Carbondale, for appellant. |
| Panel | JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion. |
| | Presiding Justice Chapman and Justice Donovan concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Diederich Insurance Agency, LLC, filed a two-count complaint against defendant, Chad Smith, a former employee of plaintiff. Count I sought money damages for breaching the terms of a restrictive covenant, and count II sought money damages for failing to repay commissions advanced to defendant by plaintiff. The circuit court of Jackson County granted defendant's motion to dismiss count I pursuant to section 2–619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2–619(a)(9) (West 2008)). Plaintiff later voluntarily dismissed count II. That count is not a part of this appeal. The issues raised in this appeal are as follows: (1) whether the circuit court erred in finding as a matter of law that there was insufficient consideration given by plaintiff for defendant's nonsolicitation agreement and (2) in the alternative, whether defendant's continued employment for three months after signing the nonsolicitation agreement provided sufficient consideration for that agreement. We affirm.

¶ 2                                 FACTS

¶ 3    Defendant worked as an insurance broker/agent for plaintiff from October 1, 2007, through June 16, 2008. At the time defendant began working for plaintiff, he signed an employment agreement in which he agreed not to solicit insurance business from plaintiff's customers for a period of two years after he stopped working for plaintiff. The employment

-2-

agreement specifically stated the following:

> "[Defendant] also covenants that in the event of termination of this Agreement, as provided herein, for whatsoever reason, he/she shall not, either directly or indirectly on his/her own account, or for or on behalf of any person, company, or agency, other than [plaintiff], record, solicit, or otherwise procure insurance from individuals, partnerships, corporations or other entities who have done business with or in any way been associated with [plaintiff], for a period of 2 years after the termination of this Agreement. Further, [defendant] agrees during the continuance of this Agreement and after its termination for the period specified[ ] that he/she will not directly or indirectly divert or take away or attempt to divert or take away any of the customers, business, or patronage of such customers as are served by [plaintiff]."

¶ 4     On March 14, 2008, defendant signed an employee confidentiality agreement that reduced the terms of the nonsolicitation agreement from 2 years to 12 months.

¶ 5     On June 16, 2008, defendant stopped working for plaintiff. On May 15, 2009, plaintiff received notification from Logan Primary Care Service Corporation (hereinafter Logan), one of plaintiff's long-standing clients, that Logan would no longer be utilizing plaintiff as its medical malpractice professional liability insurance broker. Logan informed plaintiff that it was appointing Arthur J. Gallagher & Co. (hereinafter Gallagher) as its medical malpractice professional liability broker. Defendant arranged the transfer of Logan's medical malpractice professional liability insurance carrier services from plaintiff to Gallagher.

¶ 6     On June 8, 2009, plaintiff filed its two-count complaint against defendant. Defendant filed a motion to dismiss both counts of the complaint with prejudice pursuant to section 2–619(a)(9) of the Code. On August 27, 2009, the circuit court dismissed count I, finding, "[T]here is insufficient consideration as a matter of law and there is no genuine issue of material fact, and pursuant to *Fuller* [*Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill. App. 3d 605, 863 N.E.2d 743 (2007)] and *Woodfield* [*Woodfield Group, Inc. v. DeLisle*, 295 Ill. App. 3d 935, 693 N.E.2d 464 (1998)], Count I herein is dismissed pursuant to 2–619." On December 14, 2009, plaintiff filed a motion to voluntarily dismiss count II, which the circuit court granted. Plaintiff filed a timely notice of appeal.

¶ 7                                   ANALYSIS

¶ 8     The first issue we are asked to address is whether the circuit court erred in finding as a matter of law that there was insufficient consideration given by plaintiff for defendant's nonsolicitation agreement. Plaintiff contends the two-year covenant not to compete, which defendant entered into when he started his employment with plaintiff, was enforceable and supported by sufficient consideration, namely, the job he obtained. Furthermore, plaintiff argues, the reduction of the length of the covenant not to compete from two years to one year was an actual benefit to defendant, and thus no additional consideration was needed to support the nonsolicitation agreement. Alternatively, plaintiff argues that its agreement to

reduce the duration of defendant's covenant not to compete provided the necessary consideration or defendant's continued employment for three months after signing the nonsolicitation agreement provided sufficient consideration. Defendant responds that the nonsolicitation agreement was a modification of the previous contract and required additional consideration to be valid and enforceable and that because no additional consideration was given, the circuit court did not err in finding that the nonsolicitation agreement was not valid and enforceable. We agree with defendant.

¶ 9        A section 2–619 motion is similar to a motion for a summary judgment and allows a complaint to be dismissed on the basis of issues of law or easily proven facts. *Carroll v. Paddock*, 199 Ill. 2d 16, 22, 764 N.E.2d 1118, 1122 (2002). An action will be dismissed under section 2–619 if, after construing the pleadings and supporting documents in the light most favorable to the nonmoving party, the circuit court finds there is no set of facts that can be proven upon which relief could be granted. *Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill. App. 3d 605, 613, 863 N.E.2d 743, 752 (2007). A reviewing court applies a *de novo* standard to the dismissal of a complaint under section 2–619. *Carroll*, 199 Ill. 2d at 22, 764 N.E.2d at 1122.

¶ 10       Defendant originally signed a two-year nonsolicitation agreement as a part of his original employment agreement. The terms of the agreement were changed on March 14, 2008, when defendant signed a new nonsolicitation agreement, which reduced the period of time from 2 years to 12 months that defendant would not be allowed to solicit plaintiff's customers after he was no longer employed by plaintiff. While plaintiff argues that this new nonsolicitation agreement required no additional consideration because it decreased the obligation, it cites no authority in support of this contention. Moreover, as the circuit court correctly pointed out, plaintiff brought count I as an action under the subsequent noncompete agreement signed on March 14, 2008, not under the original 2007 employment agreement, thereby making this a case concerning a postemployment restrictive covenant.

¶ 11       In determining whether a restrictive covenant is enforceable, our colleagues in the First District succinctly set forth the following:

"The determination of whether a restrictive covenant is enforceable is a question of law. [Citation.] A postemployment restrictive covenant is unenforceable when 'its sole purpose is to restrict competition.' [Citation.] '[O]rdinarily an employer has no proprietary interest in its customers.' [Citation.] An individual has a fundamental right to pursue a particular occupation and '[o]ne who has worked in a particular field cannot be compelled to erase from his mind all of the general skills, knowledge and expertise acquired through his experience.' [Citation.]

A postemployment restrictive covenant will be enforced if its terms are reasonable. [Citation.] It must be reasonable in geographical and temporal scope and necessary to protect a legitimate business interest of the employer. [Citation.] Prior to analyzing the reasonableness of a covenant not to compete, the court must make two determinations: (1) the covenant must be ancillary to a valid contract, that is, it must be subordinate to the contract's main purpose; and (2) there must be adequate

consideration to support the covenant. [Citation.]" *Woodfield Group, Inc. v. DeLisle*, 295 Ill. App. 3d 935, 938, 693 N.E.2d 464, 466-67 (1998).

In the instant case, the circuit court found that there was insufficient consideration to support the postemployment covenant not to compete, and therefore, the court dismissed count I. We agree.

¶ 12        Plaintiff's contention is that the reduction in length from two years to one year constituted sufficient consideration. As defendant points out, this argument is based on the underlying assumption that the original nonsolicitation clause was valid and enforceable. Assuming, *arguendo*, that it was valid, no new consideration was given by reducing the length of the agreement, due to the preexisting duty rule, described as follows:

> "Valuable consideration for a contract consists either of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss of responsibility given, suffered or undertaken by the other. [Citation.] The preexisting duty rule provides that where a party does what it is already legally obligated to do, there is no consideration as there is no detriment." *White v. Village of Homewood*, 256 Ill. App. 3d 354, 356-57, 628 N.E.2d 616, 618 (1993).

If defendant was already obligated not to compete against plaintiff, we fail to see how his promise not to compete for 12 months could be new, valid consideration. We are unconvinced by plaintiff's arguments to the contrary.

¶ 13        When a defendant is an employee at will, such as he was in the instant case, his continued employment is an illusory benefit because the minute after he signed the nonsolicitation agreement, plaintiff could have fired him and then he would have received nothing in exchange for his fresh promise represented by the signing of the second agreement on March 14, 2008. See *Curtis 1000, Inc. v. Suess*, 24 F.3d 941, 946 (7th Cir. 1994). Here, as in *Curtis 1000, Inc.*, the new covenant was a modification of an existing contract and, therefore, required consideration in order to be enforceable.

¶ 14        The second issue we are asked to consider is whether defendant's continued employment for three months after signing the nonsolicitation agreement provided sufficient consideration. Plaintiff argues that defendant's continued employment for three months after signing the second nonsolicitation agreement provided sufficient consideration for that agreement. We disagree.

¶ 15        "[C]ontinued employment for a substantial period is sufficient consideration to support an employment agreement." *Corroon & Black of Illinois, Inc. v. Magner*, 145 Ill. App. 3d 151, 163, 494 N.E.2d 785, 791 (1986). In *Corroon & Black of Illinois, Inc.*, the plaintiff signed a postemployment covenant not to compete and worked for the defendant for four more years, and four years was found to be a substantial period. *Corroon & Black of Illinois, Inc.*, 145 Ill. App. 3d at 163, 494 N.E.2d at 791-92. However, in general, there must be at least two years or more of continued employment to constitute adequate consideration. See *Lawrence & Allen, Inc. v. Cambridge Human Resource Group, Inc.*, 292 Ill. App. 3d 131, 138, 685 N.E.2d 434, 441 (1997). In both *Brown & Brown, Inc. v. Mudron*, 379 Ill.

App. 3d 724, 729, 887 N.E.2d 437, 441 (2008), and *Mid-Town Petroleum, Inc. v. Gowen*, 243 Ill. App. 3d 63, 70-71, 611 N.E.2d 1221, 1227 (1993), seven months of continued employment was found to be not long enough to constitute sufficient consideration. Accordingly, here, the circuit court did not err in finding that three months of continued employment did not constitute sufficient consideration. The fact that defendant quit does not change the analysis. See *Mid-Town Petroleum, Inc.*, 243 Ill. App. 3d at 69-71, 611 N.E.2d at 1226-27. Because there was insufficient consideration given, the restrictive covenant is unenforceable as a matter of law against defendant.

¶ 16        For the foregoing reasons, the judgment of the circuit court of Jackson County is hereby affirmed.

¶ 17        Affirmed.