No. 3--06--0908

Filed March 11, 2008

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| BROWN AND BROWN, INC., a Florida Corporation, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 03-CH-1363 |
| PATRICK MUDRON and CORNOLO AND THOMPSON, LTD., an Illinois Corporation, | ) ) ) ) | |
| Defendants (Diane Gunderson, Defendant-Appellee). | ) ) ) | Honorable Herman S. Haase, Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

Plaintiff, Brown & Brown, Inc. (Brown), filed a breach of contract claim against defendant, Diane Gunderson, a former employee, alleging that Gunderson had violated the restrictive covenant contained in her employment agreement with Brown. After extensive discovery, the trial court granted summary judgment for Gunderson. Brown appeals and argues that issues of material fact preclude a grant of summary judgment. We affirm.

FACTS

Brown is a Florida corporation that provides insurance services. In 2002, Brown purchased the John Manner Insurance Agency (JMI) in Joliet. Gunderson was a customer service representative at JMI and had worked there since 1997. As part of the purchase, Gunderson and all

of JMI's other existing employees were required to sign an employment agreement with Brown. At least one employee, who refused to sign the agreement, was terminated. Although the agreement did not specifically use the term "at will," it provided that the employee could be terminated at any time, with or without cause. The agreement contained a postemployment restrictive covenant that prohibited the employee from soliciting or servicing any of Brown's customers or disclosing any confidential information for two years after employment with Brown had ended. The agreement also contained a choice of law provision, which stated that Florida law would apply to any controversy arising out of the agreement, and an attorney fees provision, which allowed the prevailing party in any dispute related to the agreement or the employment relationship to recover attorney fees and costs. Gunderson signed the agreement and continued working at the agency after it was purchased by Brown. Approximately seven months after the purchase, she resigned and joined a competing agency.

Brown subsequently filed the instant lawsuit alleging that Gunderson had breached the employment agreement by soliciting and servicing Brown customers in violation of the restrictive covenant and by taking and using confidential information. Other claims were filed against Gunderson and the other listed defendants; however, those claims are not currently before this court. After extensive discovery, Gunderson moved for summary judgment on the breach of contract claim. The trial court--finding that there was no credible evidence produced to show that Gunderson had solicited any of Brown's customers, that Gunderson had taken a customer list, or that Gunderson had done anything in violation of the restrictive covenant--granted summary judgment. This appeal followed.

ANALYSIS

Brown argues that the trial court erred in granting summary judgment for Gunderson on its breach of contract claim and asserts that the existence of issues of material fact preclude a grant of summary judgment. Gunderson argues that summary judgment was properly granted and asserts that the employment agreement is not legally enforceable and that there are no issues of material fact that would prevent a grant of summary judgment.

"The purpose of summary judgment is not to try a question of fact, but rather to determine whether a genuine issue of material fact exists." Adams v. Northern Illinois Gas Co., 211 Ill. 2d 32, 42-43, 809 N.E.2d 1248, 1256 (2004). Summary judgment is appropriate only where the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2006); Adams, 211 Ill. 2d at 43, 809 N.E.2d at 1256. In determining whether a genuine issue of material fact exists, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the nonmoving party. Adams, 211 Ill. 2d at 43, 809 N.E.2d at 1256. "A triable issue precluding summary judgment exists where the material facts are disputed, or where, the material facts being undisputed, reasonable persons might draw different inferences from the undisputed facts." Adams, 211 Ill. 2d at 43, 809 N.E. 2d at 1256. Although "[t]he use of the summary judgment procedure is to be encouraged as an aid in the expeditious disposition of a lawsuit," "it is a drastic means of disposing of litigation *** and should be allowed only when the right of the moving party is clear and free from doubt." Adams, 211 Ill. 2d at 43, 809 N.E.2d at 1256. In appeals from summary judgment rulings, our standard of review is de novo. Adams, 211 Ill. 2d at 43, 809 N.E.2d at 1256. We may affirm a trial

3

court's grant of summary judgment on any basis supported by the record. Illinois State Bar Ass'n Mutual Insurance Co. v. Coregis Insurance Co., 355 Ill. App. 3d 156, 163, 821 N.E.2d 706, 712 (2004).

Before we determine whether any issues of material fact exist, however, we must first decide whether the employment agreement is legally enforceable. To answer that question, we must determine whether Florida or Illinois law will apply to this controversy. Illinois courts have adopted the Restatement (Second) of Conflict of Laws. International Surplus Lines Insurance Co. v. Pioneer Life Insurance Co. of Illinois, 209 Ill. App. 3d 144, 152, 568 N.E.2d 9, 13-14 (1990). The Restatement provides that a choice of law provision contained in a contract will govern unless: (1) the chosen state has no substantial relationship to the parties or the transaction; or (2) application of the chosen law would be contrary to a fundamental public policy of a state with a materially greater interest in the issue in dispute. Restatement (Second) of Conflict of Laws, §187 (1971); International Surplus Lines Insurance Co., 209 Ill. App. 3d at 152, 568 N.E.2d at 14.

Applying that rule in the present case, it is clear that Illinois law will control the outcome of this dispute. Under Illinois law, in determining whether a restrictive covenant is reasonable, a court must consider the hardship the covenant imposes upon the individual employee. Lawrence & Allen, Inc. v. Cambridge Human Resource Group, Inc., 292 Ill. App. 3d 131, 138, 685 N.E.2d 434, 441 (1997). Florida law, however, specifically prohibits considering that factor. Fla. Stat. Ann. §542.335(1)(g)(1) (West 2007). Thus, as a matter of fundamental public policy, Illinois has chosen to provide its workers greater protection from the negative effects of restrictive covenants. Florida law, which specifically prohibits considering the hardship a restrictive covenant imposes upon an individual employee, is contrary to Illinois's fundamental public policy. Furthermore, the facts

4

presented in this case establish that Illinois has a materially greater interest in this dispute than does Florida. The particular agency involved in this dispute is located in Illinois, all of the listed defendants are located in Illinois, the customers allegedly solicited or serviced are located in Illinois, and the actions alleged to be in breach of the agreement took place in Illinois. The only connection that Florida has to this case is that Brown is a Florida corporation.

Having resolved the choice-of-law question, we now turn to whether the restrictive covenant is legally enforceable. Under Illinois law, a "post-employment restrictive covenant is generally held to be enforceable if it is reasonable in geographic and temporal scope and it is necessary to protect a legitimate business interest of the employer." Abel v. Fox, 274 Ill. App. 3d 811, 813, 654 N.E.2d 591, 593 (1995). However, prior to analyzing the reasonableness of such a covenant, a court must make two determinations. Abel, 274 Ill. App. 3d at 813, 654 N.E.2d at 593. First, the court must find that the covenant is ancillary to either a valid transaction or a valid relationship. Abel, 274 Ill. App. 3d at 813-14, 654 N.E.2d at 593. Second, the court must determine whether there is adequate consideration to support the covenant. Abel, 274 Ill. App. 3d at 814, 654 N.E.2d at 593. We need focus only on consideration here because it is dispositive of the issue before this court.

Under Illinois law, continued employment for a substantial period of time beyond the threat of discharge is sufficient consideration to support a restrictive covenant in an employment agreement. McRand, Inc. v. van Beelen, 138 Ill. App. 3d 1045, 1055, 486 N.E.2d 1306, 1313 (1985). In the context of postemployment restrictive covenants, Illinois courts depart from the traditional rule that the law does not inquire into the adequacy of consideration, only its existence. See Curtis 1000, Inc. v. Suess, 24 F.3d 941, 945-46 (7th Cir. 1994). This departure results from the courts' recognition that a promise of continued employment may be an illusory benefit where the

5

employment is at will.  See <u>Curtis 1000, Inc.</u>, 24 F.3d at 946.  Illinois courts have generally held that two years or more of continued employment constitutes adequate consideration.  See <u>Lawrence & Allen, Inc.</u>, 292 Ill. App. 3d at 138, 685 N.E.2d at 441.  Unless adequate consideration has been given, the restrictive covenant will not be enforced.  <u>Millard Maintenance Service Co. v. Bernero</u>, 207 Ill. App. 3d 736, 744, 566 N.E.2d 379, 384 (1990).

In the present case, Gunderson resigned approximately seven months after she signed the employment agreement.  Such a short period of time of continued employment is not sufficient consideration under Illinois law to support the restrictive covenant.  <u>Mid-Town Petroleum, Inc. v. Gowen</u>, 243 Ill. App. 3d 63, 69-71, 611 N.E.2d 1221, 1226-27 (1993); <u>Lawrence & Allen, Inc.</u>, 292 Ill. App. 3d at 138, 685 N.E.2d at 441.  The fact that Gunderson resigned does not change our analysis.  See <u>Mid-Town Petroleum, Inc.</u>, 243 Ill. App. 3d at 69-71, 611 N.E. 2d at 1226-27 (no valid consideration to support postemployment restrictive covenant where employee resigned seven months after signing agreement).  Furthermore, although Brown claims that Gunderson received additional employee benefits as consideration for the restrictive covenant, no evidence was presented to establish with specificity what those benefits were or how they differed from the benefits Gunderson was already receiving as an employee of JMI.  Thus, we conclude that the employment agreement is not supported by adequate consideration and that the restrictive covenant, therefore, is unenforceable against Gunderson.  Having reached that conclusion, we need not determine whether any issues of material fact exist in relation to Gunderson's alleged conduct in breach of the employment agreement.  ____

We must, however, resolve one final contention.  Citing the terms of the employment agreement, Gunderson asks this court to find that she is entitled to an award of attorney fees and costs and to remand this case for the trial court to determine the amount to be awarded.  We have

6

already determined, however, that the restrictive covenant is not supported by adequate consideration. That finding applies to the entire employment agreement. The agreement, therefore, is unenforceable and Gunderson cannot rely upon its terms to obtain an award of attorney fees and costs.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

Affirmed.

WRIGHT, J. concurs.

SCHMIDT, J. dissents:

The majority claims that continued employment must be "for a substantial period of time beyond the threat of discharge" for it to be adequate consideration to support a covenant not to compete in an employment contract and that, as a general rule, two years or more of continued employment will suffice. Slip op. at 5. Then, citing *Mid-Town Petroleum* as authority, the majority notes that the fact Gunderson resigned her position is irrelevant and does not change its analysis. Slip op. at 6. The majority mischaracterizes the holding of *Mid-Town*.

In *Mid-Town*, it is true that the employee (Gowen) resigned seven months after signing the covenant. *Mid-Town*, 243 Ill. App. 3d at 70. The *Mid-Town* court found the restrictive covenant to be unenforceable against Gowen, holding the agreement lacked adequate consideration. *Mid-Town*, 243 Ill. App. 3d at 71. However, to hold, as the majority does, that seven months of continued employment can never serve as adequate consideration for a restrictive covenant, even if the employee quits, is both wrong and unsupported by *Mid-Town*.

Our supreme court has made it clear that continued employment is adequate consideration sufficient to make a restrictive covenant enforceable. See *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135, 847 N.E.2d 99 (2006); *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 866

7

N.E.2d 85 (2006). However, in *Mid-Town* the appellate court went to great lengths to explain that Gowan rejected terms of a proposed agreement for which mere continued employment would act as consideration. When faced with the "sign this or be fired" ultimatum, Gowen chose the latter on two separate occasions. *Mid-Town*, 243 Ill. App. 3d at 66.

Gowen only agreed to sign the restrictive covenant after being offered a promotion to the position of sales manager, a position that would report directly to the chief executive officer (CEO). Several months later, Gowen's employer advised him that he would no longer be sales manager and no longer report to the CEO. He immediately quit. The *Mid-Town* court went to great lengths to explain the failure of the consideration (the promotion) and yet the majority simply refuses to acknowledge it. To hold, as the majority does here, that an employee can void the consideration for any restrictive covenant by simply quitting for any reason renders all restrictive employment covenants illusory in this state. They would all be voidable at the whim of the employee.

I find that Gunderson's continued employment was adequate consideration. She simply quit. Unlike the employee in *Mid-Town*, the terms of her continued employment were not changed.

The *Mid-Town* court made it clear that Gowen quit because the consideration failed. The majority here holds that the consideration failed because Gunderson quit. Big difference!

Moreover, this is a suit at law for damages (quite simply: a breach of contract action) and not one in equity seeking an injunction. The *Mid-Town* court observed that even a peppercorn of consideration is sufficient to support a finding of adequate consideration when one seeks damages at law while more should be required when one seeks equitable relief. *Mid-Town*, 243 Ill. App. 3d 71. *Mid-Town* was an action in equity, seeking a preliminary injunction. Even the

8

correct holding in *Mid-Town* is inapposite to this breach of contract case.

I also find that the temporal restrictions contained in the covenant are reasonable. The covenant required Gunderson to refrain from soliciting, diverting, accepting, or servicing Brown's customers for a two-year period following her termination. This is not unreasonable in either time or territory. See *Cockerill v. Wilson*, 51 Ill. 2d 179, 281 N.E.2d 648 (1972); *Canfield v. Spear*, 44 Ill. 2d 49, 254 N.E.2d 433 (1969). Finally, Brown has raised a genuine issue of material fact as to whether Gunderson solicited or serviced its clients in violation of the agreement. Gunderson claims she merely performed administrative duties for her new employer. One of Brown's clients, Riverton, provided testimony that Gunderson was at its facility once a month to make presentations and served as the sole contact regarding insurance issues for Riverton's employees. Certainly, Brown has raised a genuine issue of material fact as to Gunderson's involvement with its clients.

Lastly, Gunderson maintains that even if adequate consideration existed to form a valid contract, this covenant not to compete must still fail as Brown cannot meet the "legitimate-business-interest" test. I contend that Brown does not have to satisfy the test. Justice Steigmann has recently pointed out that courts have created and hijacked the legitimate-business-interest test. *Lifetech, Inc. v. Edwards*, 377 Ill. App. 3d 260, 275 (2007) (Steigmann, J., specially concurring). I agree with Justice Steigmann's analysis that the legitimate-business-interest test "is no longer valid, if it ever was." *Lifetech, Inc. v. Edwards*, 377 Ill. App. 3d at 275 (Steigmann, J., specially concurring). However, even if the test applies, questions of fact remain.

I would reverse the grant of summary judgment and remand for further proceedings.

9