# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Fifield v. Premier Dealer Services, Inc.*, 2013 IL App (1st) 120327

| | |
|---|---|
| Appellate Court Caption | ERIC D. FIFIELD and ENTERPRISE FINANCIAL GROUP, INC., Plaintiffs and Counterdefendants-Appellees, v. PREMIER DEALER SERVICES, INC., Defendant and Counterplaintiff-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-12-0327 |
| Filed | June 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's order granting plaintiffs' motion for declaratory relief stating that the nonsolicitation and noncompetition provisions of his employment contract with defendant were invalid and unenforceable due to the lack of consideration was upheld on appeal, since plaintiff resigned three months after he started work and Illinois courts have held that a minimum of two years of continued employment is necessary to establish adequate consideration for such a restrictive covenant. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-9204; the Hon. Mary Anne Mason, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Schiff Hardin, LLP, of Chicago (Charles H.R. Peters, of counsel), and
Hemmer DeFrank, PLLC, of Fort Mitchell, Kentucky (Scott R. Thomas,
of counsel), for appellant.

Much Shelist, P.C., of Chicago (Anthony C. Valiulis and Matthew M.
Kovalcik, of counsel), and Shields Legal Group, of Addison, Texas
(James D. Shields, of counsel), for appellees.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with
opinion.
Presiding Justice Hoffman and Justice Delort concurred in the judgment
and opinion.

## OPINION

¶ 1    This appeal arises from a December 20, 2010 order entered by the circuit court of Cook
County which granted a motion for declaratory relief filed by plaintiffs and
counterdefendants-appellees Eric D. Fifield (Fifield) and Enterprise Financial Group, Inc.
(EFG) (collectively, Fifield and EFG); and a January 18, 2012 agreed order entered by the
circuit court which dismissed with prejudice all claims not affected by the court's December
20, 2010 order. On appeal, defendant and counterplaintiff-appellant Premier Dealer Services,
Inc. (Premier), argues that the trial court erred in granting Fifield and EFG's motion for
declaratory relief because the nonsolicitation and noncompetition provisions in Fifield's
employment agreement were enforceable under Illinois law. For the following reasons, we
affirm the judgment of the circuit court of Cook County.

¶ 2                            BACKGROUND

¶ 3    Prior to October 2009, Fifield was employed by Great American Insurance Company
(Great American). As an employee of Great American, Fifield was assigned to work
exclusively for Premier Dealership Services (PDS), a subsidiary of Great American. PDS
was an insurance administrator that marketed finance and insurance products to the
automotive industry. In October 2009, Great American sold PDS to Premier. Premier is an
Illinois corporation engaged in the business of developing, marketing and administering a
variety of vehicle after-market products and programs. As a result of the sale, Great
American informed Fifield that his employment would end on October 31, 2009. However,
in late October 2009, Premier made an offer of employment to Fifield. As a condition of his
employment, Premier required Fifield to sign an "Employee Confidentiality and Inventions
Agreement" (the agreement) which included nonsolicitation and noncompetition provisions.

The agreement states in pertinent part:

> "Employee agrees that for a period of two (2) years from the date Employee's employment terminates for any reason, Employee will not, directly or indirectly, within any of the 50 states of the United States, for the purposes of providing products or services in competition with the Company (i) solicit any customers, dealers, agents, reinsurers, PARCs, and/or producers to cease their relationship with the Company *** or (ii) interfere with or damage any relationship between the Company and customers, dealers, agents, reinsurers , PARCs, and/or producers *** or (iii) *** accept business of any former customers, dealers, agents, reinsurers, PARCs, and/or producers with whom the Company had a business relationship within the previous twelve (12) months prior to Employee's termination."

¶ 4    Before signing the agreement, Fifield negotiated with Premier and the parties agreed to add to the agreement a provision which stated that the nonsolicitation and noncompetition provisions would not apply if Fifield was terminated without cause during the first year of his employment (the first-year provision). Fifield accepted Premier's offer of employment and signed the agreement on October 30, 2009. Fifield began his employment at Premier on November 1, 2009. On February 1, 2010, Fifield informed Premier that he was resigning and that his employment would end in two weeks. On February 12, 2010, Fifield resigned from his position with Premier. Shortly thereafter, Fifield began working for EFG.

¶ 5    On March 5, 2010, Fifield and EFG filed a complaint in the circuit court of Cook County for declaratory relief pursuant to section 2-701 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-701 (West 2010)). The complaint for declaratory relief requested that the trial court declare that Fifield at no time had access to confidential and proprietary information while employed at Premier and that certain provisions of the agreement are invalid and unenforceable. On August 6, 2010, Premier filed an answer and affirmative defenses to Fifield and EFG's complaint, and a counterclaim for injunctive relief. Premier's counterclaim, in pertinent part, sought to enforce the nonsolicitation and noncompetition provisions in the agreement, and requested that the trial court enter a permanent injunction preventing Fifield from using Premier's proprietary information.

¶ 6    On September 20, 2010, Premier filed a "Motion for Judgment" against Fifield and EFG. On September 22, 2010, Fifield and EFG filed a motion for declaratory relief pursuant to section 2-701(b) of the Code (735 ILCS 5/2-701(b) (West 2010)). On December 16, 2010, the trial court heard oral arguments on Fifield and EFG's motion for declaratory relief. On December 20, 2010, the trial court entered an order which granted Fifield and EFG's motion for declaratory relief. The trial court's order stated that "the non-solicitation and non-interference provisions found within [the agreement] are unenforceable as a matter of law for lack of adequate consideration." The parties continued to litigate claims that are not at issue in this appeal. On January 18, 2012, the trial court entered an agreed order which dismissed with prejudice all claims that were not affected by the trial court's December 20, 2010 order. The trial court's January 18, 2012 order stated that it was final and appealable pursuant to Illinois Supreme Court Rule 303 (eff. May 30, 2008). On February 1, 2012, Premier filed a timely notice of appeal. Therefore, this court has jurisdiction to consider Premier's arguments on appeal pursuant to Rule 303.

¶ 7                                    ANALYSIS

¶ 8        On appeal, we determine whether the trial court erred in granting Fifield and EFG's motion for declaratory relief.

¶ 9        Premier argues that the trial court erred in granting Fifield and EFG's motion for declaratory relief. Specifically, Premier argues that the nonsolicitation and noncompetition provisions in the agreement are enforceable because there was adequate consideration to support the provisions. Premier argues that unlike in other Illinois cases relied on by Fifield and EFG, Fifield was not employed when he was asked to sign the agreement. Thus, the consideration offered to Fifield in this case was employment itself. Premier asserts that it gave Fifield ample consideration in exchange for his promise to abide by the nonsolicitation and noncompetition provisions because Fifield was able to avoid unemployment by accepting Premier's offer. Additionally, Premier argues that although the nonsolicitation and noncompetition agreements are restrictive covenants, they are not *postemployment* restrictive covenants because Fifield signed the agreement before he became an employee of Premier. Furthermore, Premier points out that the purpose of Illinois law regarding restrictive covenants is to protect against the illusory benefit of at-will employment. However, Premier contends that the illusory benefit of at-will employment is not at issue in this case because it was nullified by the inclusion of the first-year provision in the agreement. Therefore, Premier argues that the nonsolicitation and noncompetition provisions in the agreement are enforceable.

¶ 10       In response, Fifield and EFG argue that the trial court did not err in granting their motion for declaratory relief. Specifically, Fifield and EFG argue that the nonsolicitation and noncompetition provisions in the agreement are unenforceable because there was not adequate consideration to support the provisions. Fifield and EFG contend that under Illinois law, in order for a restrictive covenant to be enforceable, employment must continue for a substantial period of time. Fifield and EFG point out that Illinois courts have repeatedly held that two years of continued employment is adequate consideration to support a restrictive covenant. Illinois courts have also stated that the length of time required for adequate consideration is the same regardless of whether an employee is terminated or decides to resign on his own. Thus, Fifield and EFG assert that in this case, Fifield was only employed by Premier for slightly longer than three months, which is far less time than is needed to establish adequate consideration.

¶ 11       Moreover, Fifield and EFG assert that multiple federal court cases have refused to make a distinction between restrictive covenants that are signed before an individual is employed and restrictive covenants that are signed after an individual is employed. Fifield and EFG argue that the nonsolicitation and noncompetition provisions were postemployment restrictive covenants, and that it is irrelevant whether Fifield signed the agreement before employment or during employment. Lastly, Fifield and EFG argue that the first-year provision in the agreement does not remove the illusory benefit of at-will employment. Fifield and EFG contend that at most, Fifield's employment was only protected for one year which is far less than the two-year Illinois standard for adequate consideration. Thus, Fifield and EFG argue that the nonsolicitation and noncompetition provisions in the agreement are unenforceable and the trial court did not err in granting their motion for declaratory relief.

¶ 12    When a trial court's decision in a declaratory judgment is based on questions of law rather than factual determinations, this court reviews the trial court's decision under the *de novo* standard of review. *Pekin Insurance Co. v. Hallmark Homes, L.L.C.*, 392 Ill. App. 3d 589, 592-93 (2009). Likewise, "[i]t is traditionally stated that the enforceability of a restrictive covenant is a question of law, the determination of which is reviewed *de novo*." *Reliable Fire Equipment Co. v. Arredondo*, 2011 IL 111871, ¶ 12. Therefore, we review the judgment of the trial court under the *de novo* standard of review.

¶ 13    Postemployment restrictive covenants are carefully scrutinized by Illinois courts because they operate as partial restrictions on trade. *Cambridge Engineering, Inc. v. Mercury Partners 90 BI, Inc.*, 378 Ill. App. 3d 437, 447 (2007). In order for a restrictive covenant to be valid and enforceable, the terms of the covenant must be reasonable. *Id*. However, before even considering whether a restrictive covenant is reasonable, the court must make two determinations: (1) whether the restrictive covenant is ancillary to a valid contract; and (2) whether the restrictive covenant is supported by adequate consideration. *Lawrence & Allen, Inc. v. Cambridge Human Resource Group, Inc.*, 292 Ill. App. 3d 131, 137 (1997). The only issue before this court in this case is whether there was adequate consideration to support the restrictive covenants in the agreement.

¶ 14    "Under Illinois law, continued employment for a substantial period of time beyond the threat of discharge is sufficient consideration to support a restrictive covenant in an employment agreement." *Brown & Brown, Inc. v. Mudron*, 379 Ill. App. 3d 724, 728 (2008). Illinois courts analyze the adequacy of consideration in the context of postemployment restrictive covenants because it has been recognized that a promise of continued employment may be an illusory benefit where the employment is at-will. *Id*. Generally, Illinois courts have held that continued employment for two years or more constitutes adequate consideration. *Id*. at 728-29. The restrictive covenant will not be enforced unless there is adequate consideration given. *Id*.

¶ 15    In support of their argument, Fifield and EFG argue that *Brown* is dispositive of the issues in this case. In *Brown*, the defendant worked as a customer service representative for her employer. *Id*. at 726. While the defendant was still employed, her employer was purchased by the plaintiff. *Id*. As part of the purchase, the plaintiff required the defendant to sign an employment agreement which contained a postemployment restrictive covenant that prohibited the defendant from soliciting or servicing any of the plaintiff's customers, or from disclosing confidential information, for two years after her employment with the plaintiff ended. *Id*. The defendant signed the employment agreement, and seven months later she resigned and began working for one of the plaintiff's competitors. *Id*. Subsequently, the plaintiff filed a breach of contract claim against the defendant alleging that she breached the employment agreement by soliciting and servicing the plaintiff's customers, and by using the plaintiff's confidential information. *Id*. The defendant filed a motion for summary judgment on the breach of contract claim, which the trial court granted. *Id*.

¶ 16    On appeal, this court held that there was not adequate consideration to support the restrictive covenants in the employment agreement. *Id*. at 729. This court concluded that seven months of continued employment was not sufficient consideration under Illinois law to support the restrictive covenant. *Id*. This court stated that the fact that the defendant

resigned did not change its analysis. *Id*. The court reasoned that although the plaintiff claimed that the defendant received additional employee benefits as consideration for the restrictive covenant, there was no evidence to establish what the benefits were or how they differed from the benefits the defendant was already receiving. *Id*. Therefore, this court affirmed the judgement of the trial court. *Id*.

¶ 17    Premier argues that the holding in *Brown* is not applicable to this case because, unlike the defendant in *Brown*, Fifield was not employed by Premier when he signed the agreement. Thus, Premier argues that *Fifield's employment* was the consideration he received in exchange for the nonsolicitation and noncompetition provisions within the agreement. We do not agree. As Fifield and EFG point out, in *Bires v. WalTom, LLC*, 662 F. Supp. 2d 1019, 1030 (2009), the United States District Court for the Northern District of Illinois explicitly rejected the argument that *Brown* only applies to situations where an employer amends an existing employment relationship to incorporate a restrictive covenant. While we are not bound by the ruling of the court in *Bires*, we find its reasoning and analysis instructive. The district court reasoned that "the Seventh Circuit has rejected the distinction between pre and post-hire covenants." *Id*. (citing *Curtis 1000, Inc. v. Suess*, 24 F.3d 941, 947 (7th Cir. 1994)). Moreover, the only case that Premier cites in support of its argument is *Sunbelt Rentals, Inc. v. Elhers*, 394 Ill. App. 3d 421 (2009). We note that *Sunbelt* was overruled by our supreme court in *Arredondo*, and furthermore, *Sunbelt* did not discuss the issue of the adequacy of consideration regarding restrictive covenants. Thus, we are not persuaded by Premier's argument that *Brown* is distinguishable from the instant case.

¶ 18    We also disagree with Premier's argument that the nonsolicitation and noncompetition provisions in the agreement were not postemployment restrictive covenants because Fifield signed the agreement before he was employed by Premier. Premier cites no authority for its novel definition of postemployment restrictive covenants. Additionally, Illinois courts have treated restrictive covenants signed by individuals in situations similar to Fifield's, as postemployment restrictive covenants. See *Lifetec, Inc. v. Edwards*, 377 Ill. App. 3d 260, 263 (2007) (On or before April 1, 1996, the defendant was offered employment and accepted the offer. On April 2, 1996, the defendant signed an employment agreement containing nonsolicitation and noncompetition provisions which the appellate court considered as postemployment restrictive covenants.). In this case, the nonsolicitation and noncompetition provisions in the agreement restricted Fifield's ability to seek further employment after *his employment with Premier ended*. Therefore, we find that the nonsolicitation and noncompetition provisions in the agreement were postemployment restrictive covenants.

¶ 19    Illinois courts have repeatedly held that there must be at least two years or more of continued employment to constitute adequate consideration in support of a restrictive covenant. *Diederich Insurance Agency, LLC v. Smith*, 2011 IL App (5th) 100048, ¶ 15; see also *Lawrence & Allen*, 292 Ill. App. 3d at 138; *Brown*, 379 Ill. App. 3d at 728-29. This rule is maintained even if the employee resigns on his own instead of being terminated. *Diederich*, 2011 IL App (5th) 100048, ¶ 15; *Brown*, 379 Ill. App. 3d at 729. In this case, Fifield resigned from Premier after being employed for slightly longer than three months. This period of time is far short of the two years required for adequate consideration under Illinois law. Additionally, the first-year provision in the agreement does not affect the

application of the two-year standard for adequate consideration. At most, Fifield's employment was only protected for one year, which is still inadequate under Illinois law. Therefore, we hold that the trial court did not err in granting Fifield and EFG's motion for declaratory judgment.

¶ 20      For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 21      Affirmed.