2018 IL App (3d) 170803

Opinion filed December 11, 2018

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2018

| | | |
|---|---|---|
| PAM'S ACADEMY OF DANCE/FORTE ARTS CENTER, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Grundy County, Illinois. |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-17-0803 |
| v. | ) ) | Circuit No. 16-LM-155 |
| CALLIE MARIK, | ) ) | Honorable Sheldon R. Sobol, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Presiding Justice Carter and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1        In this action brought by plaintiff, Pam's Academy of Dance/Forte Arts Center (Pam's Academy), against defendant, Callie Marik, the Grundy County circuit court certified two questions for interlocutory appeal pursuant to Illinois Supreme Court Rule 308(a) (eff. July 1, 2017). We granted defendant's application for leave to appeal. We decline to answer the first certified question, answer the second certified question affirmatively, and remand for further proceedings.

## I. BACKGROUND

On April 7, 2017, plaintiff filed an amended three-count complaint against defendant, seeking monetary damages and injunctive relief. Two counts alleged breach of contract, and the third count alleged breach of the Illinois Trade Secrets Act (765 ILCS 1065/1 *et seq.* (West 2016)). Specifically, plaintiff asserted that defendant, a former employee, breached the parties' "NON-DISCLOSURE AGREEMENT AND RESTRICTIVE COVENANT" (Agreement) by opening a dance studio within 25 miles of Pam's Academy and soliciting students and/or teachers via an improperly-obtained customer list.

Although plaintiff did not specify which covenants in the Agreement defendant allegedly violated, the Agreement contains three posttermination restrictive covenants that form the basis for the action. In particular, the Agreement provides:

"3. Upon termination of employment for any reason whatsoever, the undersigned will not engage in any similar business, either directly or indirectly, as a shareholder, officer, or director of any corporation, or as a partner in any general or limited partnership or individually as a sole proprietorship engaged in a similar business within a 25 mile radius of Pam's Academy of Dance/Forte Arts Center, for a period of not less than five (5) years form [*sic*] the date of written termination of employment from Pam's Academy of Dance/Forte Arts Center.

4. It is further agreed, that as a condition of employment and/or continued employment of Pam's Academy of Dance/Forte Arts Center, the undersigned will not solicit or do business with any of the teachers, students and/or parents of Pam's Academy of Dance/Forte Arts Center

2

*** for a period of not less than three (3) years from the date of termination of employment, for whatever reason, notwithstanding that the undersigned may be engaged, either directly or indirectly in a similar business within a twenty five (25) mile limitation described above.

* * *

7. The undersigned agrees not to solicit, interfere with, divert, or otherwise communicate with any person who is a customer, client, student, parent, or employee for the purpose of providing similar services or products as provided by Pam's Academy of Dance/Forte Arts Center."

¶ 5 On April 25, 2017, defendant filed a motion to dismiss all claims pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)). Defendant argued that all of plaintiff's claims were defective because (1) the provisions of the Agreement it was attempting to enforce were invalid and unenforceable as a matter of law (counts I and II) and (2) it failed to allege a plausible factual basis that she misappropriated a customer list (count III).

¶ 6 Following a June 2017 hearing, the trial court entered its order denying defendant's motion as to counts I and II, but striking paragraph seven of the Agreement as overbroad. The court also dismissed count III without prejudice. Thereafter, on defendant's motion, the court certified the following two questions for interlocutory review pursuant to Illinois Supreme Court Rule 308(a) (eff. July 1, 2017):

"[1]. Do employment-based restrictive covenants with time periods lasting 'not less than' five and 'not less than' three years contain an enforceable and reasonable temporal scope under *Prairie*

3

*Rheumatology Assocs., S.C. v. Francis*, 2014 IL App (3d) 140338, and

*Reliable Fire Equipment Co. v. Arrendondo*, 2011 IL 111871?

[2]. In the context of employment-based restrictive covenants, do restrictions lasting 'not less than' five and 'not less than' three years mean five and three years respectively?"

This court allowed defendant's application for leave to appeal.

¶ 7                                    II. ANALYSIS

¶ 8                    A. Certified Questions and the Standard of Review

¶ 9        Our review of an interlocutory appeal brought pursuant to Rule 308 is limited to the certified questions. *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 550 (2009). We will consider a certified question only if it asks a question of law but will decline to answer if the ultimate decision turns on the resolution of facts. *Spears v. Association of Illinois Electric Cooperatives*, 2013 IL App (4th) 120289, ¶ 15. We review *de novo* certified questions under Rule 308. *Simmons v. Homatas*, 236 Ill. 2d 459, 466 (2010).

¶ 10        B. The Meaning of "Not Less Than" in Employment-Based Restrictive Covenants

¶ 11        Because we must first resolve the second certified question to place the first certified question in the proper context, we address it first. Thus, we must determine whether "[i]n the context of employment-based restrictive covenants," restrictions of "not less than" five and "not less than" three mean five and three years respectively.

¶ 12        The primary objective when construing the language of a contract is to give effect to the intent of the parties, which is discerned from the language of the contract. *Thompson v. Gordon*, 241 Ill. 2d 428, 441 (2011). "If the words in the contract are clear and unambiguous, they must be given their plain, ordinary and popular meaning." *Id.* "[I]f the language of the contract is

4

susceptible to more than one meaning, it is ambiguous." *Id.* However, "[a] contract is not rendered ambiguous merely because the parties disagree on its meaning." *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 153 (2004). "Rather, ambiguity exists only if the term is susceptible to more than one reasonable interpretation." *Nicor, Inc. v. Associated Electric & Gas Insurance Services Ltd.*, 223 Ill. 2d 407, 417 (2006).

¶ 13    As indicated above, paragraph three of the Agreement provides that defendant may not engage "in a similar business within a 25 mile radius of Pam's Academy of Dance/Forte Arts Center, for a period of *not less than* five (5) years." (Emphasis added.) Paragraph four of the Agreement provides that defendant may "not solicit or do business with any of the teachers, students and/or parents of Pam's Academy of Dance *** for a period of *not less than* three (3) years from the date of termination of employment." (Emphasis added.)

¶ 14    Plaintiff asserts that the time limits in the Agreement "clearly set an unambiguous period of three and five years for each restrictive covenant to terminate." Defendant disagrees, asserting that a strict construction of the Agreement requires this court to avoid an interpretation that devolves the "no less than" language into mere surplusage. See *Berkeley Properties, Inc. v. Balcor Pension Investors II*, 227 Ill. App. 3d 992, 1002 (1992) ("It is presumed that parties do not insert meaningless words and phrases into contracts; therefore, no part of a contract should be rejected as meaningless or surplusage.").

¶ 15    The phrase "not less than" is routinely used in Illinois statutes and contracts. In some cases, it establishes a minimum requirement. See, *e.g.*, 625 ILCS 5/12-601(a) (West 2016) (a motor vehicle must be equipped with a horn audible from a distance of *not less than* 200 feet); 820 ILCS 105/4 (West 2016) (setting minimum hourly wage at *not less than* $8.25); 510 ILCS 5/13(a) (West 2016) (requiring confinement of a dog that bites a human for a period of *not less*

5

*than* 10 days); 725 ILCS 205/1.01 (West 2016) (defining "sexually dangerous persons" as "[a]ll persons suffering from a mental disorder \*\*\* [that] has existed for a period of *not less than one year* \*\*\* who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children" (emphasis added)); 735 ILCS 5/9-209 (West 2016) ("A landlord or his or her agent may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, *not less than* 5 days after service thereof, the lease will be terminated." (Emphasis added.)); *Rosenberger v. United Community Bancshares, Inc.*, 2017 IL App (1st) 161102, ¶ 7 (employment contract provided an initial base salary of $200,000 per year subject to annual increases in " 'an amount *not less than* the increase to the Consumer Price Index for the prior twelve months' " (emphasis added)); *McHale v. Kiswani Trucking, Inc.*, 2015 IL App (1st) 132625, ¶ 13 (agreement required carrier "to procure and maintain *not less than* $5 million each in both comprehensive liability insurance and vehicle liability insurance" (emphasis added)).

¶ 16        In other situations, the "not less than" phrase is used to establish a starting point followed by language that defines a termination point. See, *e.g.*, 730 ILCS 5/5-4.5-40(a) (West 2016) (sentencing range for a Class 3 felony shall be "*not less than* 2 years and *not more than* 5 years" (emphases added)); 740 ILCS 175/4(d) (West 2016) (providing that a person bringing an action or settling a claim under the Illinois False Claims Act shall receive an amount *not less than* 15% but *not more than* 25% of the proceeds if the State intervenes and *not less than* 25% and *not more than* 30% of the proceeds if the State does not intervene); *King Koil Licensing Co. v. Harris*, 2017 IL App (1st) 161019, ¶ 15 (license agreement required the licensee to contribute *no less than* 1% and *no more than* 2.5% of licensee's total annual sales).

¶ 17        Still, in other situations, "not less than" simply means the particular number that the phrase modifies. We are aware of no Illinois court that has considered the phrase "not less than" in terms of modifying a temporal period in the context of an employment-based restrictive covenant. See *Petrzilka v. Gorscak*, 199 Ill. App. 3d 120, 122, 126 (1990) (referring to a restrictive covenant that provided defendant could not compete in a similar business " 'for a period of not less than five years' " as a "five-year provision," but the enforceability of the provision was not raised on appeal). However, plaintiff cites a number of out-of-state cases that are directly on point.

¶ 18        For example, in *Bennett v. Georgia Industrial Catering Co.*, 149 S.E.2d 81, 83 (Ga. 1966), the Supreme Court of Georgia held that a restrictive covenant in an employment contract, providing a limitation " 'for a period of not less than one year from [the] date of termination'," meant one year. The court reasoned that the provision merely required the covenant to last for one year "but did not provide that it should be for more than one year. Therefore, it was for one year." *Id.* In *Robinwood, Inc. v. Baker*, 425 S.E.2d 353, 355 (Ga. Ct. App. 1992), the Georgia Court of Appeals considered an employment contract in which the defendant contractor agreed not to establish or purchase another personal care home " 'for a period not less than 2 years following the termination of this contract.' " The court overturned the trial court's finding that the phrase "not less than" was unenforceable on the grounds of an indefinite duration. *Id.* In doing so, the court noted that the phrase "not less than" as used in the agreement "merely emphasize[d] that the restricted period is two years and not a day less." *Id.* at 356. The court reasoned as follows:

> "When used at the ending point, 'not less than' means that particular number, and no other 'maximum' is stated because there is none. It

would not make sense for the wording to be that [the defendant] promises she will not open a home for a period of not less than two years after her termination nor more than, say, three years. That would be a very roundabout way of saying she would not open a home for three years after termination. 'Not less than two years' would have no meaning, as it would not measure any operative event." *Id.*

¶ 19　　　In *Chandler v. Mastercraft Dental Corp. of Texas Inc.*, 739 S.W.2d 460, 464 (Tex. Ct. App. 1987), the Court of Appeals of Texas considered the reasonableness of a restrictive covenant that required the plaintiffs to restrain from dental equipment manufacturing for a period of " 'not less than five (5) years.' " On appeal, the plaintiffs argued, in relevant part, that the " 'not less than five (5) years' " provision rendered the clause unreasonable because it made the duration indefinite. *Id.* The appellate court rejected plaintiff's argument and accepted the trial court's finding that the " 'not less than five (5) years' " provision means five years without further comment. *Id.* Finally, while it did not expressly consider an issue regarding the duration of a restrictive covenant that prohibited a former employee from making deliveries to his employer's clients " 'for a period of no less than two years from the date of termination,' " the District Court of Appeals of Florida referred to the aforementioned restrictive covenant as having a "two-year period of *** viability." *Vela v. Kendall*, 905 So. 2d 1033, 1034-35 (Fla. Dist. Ct. App. 2005).

¶ 20　　　We agree with the out-of-state authority, interpreting the phrase "not less than" as being the particular number it modifies. We find further support for our determination by noting that in circumstances such as these—where the temporal scope of the restrictive covenant is defined as not less than three years or not less than five years respectively—no employer could make a

8

good faith argument that a prior employee violated her noncompete agreement by soliciting business from previous students or setting up her own shop four or six years later. In fact, in that situation, it would be more than appropriate to sanction the plaintiff for bringing a claim in bad faith. Accordingly, we answer the second certified question affirmatively and find that employment-based restrictive covenants lasting 'not less than' five and 'not less than' three years mean five and three years (and not a day less) respectively.

¶ 21                    C. The Reasonableness of Employment-Based Restrictive
                           Covenants Lasting Three and Five Years, Respectively

¶ 22        Having answered the second certified question affirmatively, we now consider the first certified question in the appropriate context. Thus, we ask whether "employment-based restrictive covenants with time periods lasting *** five and *** three years [respectively] contain an enforceable and reasonable temporal scope under *Prairie Rheumatology Assocs., S.C. v. Francis*, 2014 IL App (3d) 140338, and *Reliable Fire Equipment Co. v. Arredondo*, 2011 IL 111871?" For the reasons that follow, we decline to answer the first certified question.

¶ 23        In *Reliable Fire*, our supreme court reiterated its long-established three-dimensional rule of reason: "A restrictive covenant, assuming it is ancillary to a valid employment relationship, is reasonable only if the covenant: (1) is no greater than is required for the protection of a legitimate business interest of the employer-promisee; (2) does not impose undue hardship on the employee-promisor; and (3) is not injurious to the public." *Reliable Fire*, 2011 IL 111871, ¶ 17 (citing Restatement (Second) of Contracts § 187 cmt. b, § 188(1) & cmts. a, b, c (1981)). In doing so, the court corrected any misconception floating around the appellate court that Illinois did not recognize the legitimate business interest of the promise as a requirement of an enforceable covenant. It noted that "the extent of the employer's legitimate business interest may be limited by type of activity, geographical area, and time" (*id.* (citing Restatement (Second) of

9

Contracts § 188 cmt. d (1981))), but concluded that a court must consider the totality of the facts and circumstances of each individual case to determine whether a legitimate business interest exists (*id.* ¶ 43).

¶ 24    In this case, we are simply unable to determine whether employment-based restrictive covenants lasting three and five years, respectively, are reasonable in their temporal scope. What may be a reasonable duration in one instance may be unreasonable in another. The reasonableness of the restrictive covenants at issue here requires the resolution of a number of facts. See *id.* ¶ 46 ("Particularly where, as here, the ultimate issue—the reasonableness of the agreements—turns upon the totality of the facts and circumstances surrounding them, the parties must be given a full opportunity to develop the necessary evidentiary record." (Internal quotation marks omitted.)). Accordingly, we decline to answer the first certified question.

¶ 25    III. CONCLUSION

¶ 26    For the reasons stated, we decline to answer the first certified question, answer the second certified question affirmatively, and remand for further proceedings.

¶ 27    First certified question not answered; second certified question answered; cause remanded.